IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Nawab ALI

Petitioner,

Case No._____

JL JAMISON, in his official capacity as warden of
Federal Detention Center in Philadelphia;
BRIAN MCSHANE, in his official capacity as
Acting Philadelphia Field Office Director,
United States Immigration and Customs
Enforcement; TODD LYONS, in his
Official capacity as Acting Director of
Immigration and Customs Enforcement; KRISTI
NOEM, in her official capacity as:
Secretary of the Department of Homeland
 Security; THE U.S. DEPARTMENT OF
HOMELAND SECURITY; PAMELA BONDI,:
Attorney General of the United States

: Before   the   Honorable
_____=

Respondents.:

# PETITION FOR WRIT OF HABEAS CORPUS

Nawab ALI, submits this petition for a Writ of Habeas Corpus pursuant to 28

U.S.C. 2241 and the Suspension Clause (Article 1 , Section 9, Clause 2) of the United

States Constitution. Petitioner requests that this Court release him from detention by

the Immigration and Customs Enforcement("ICE") or, alternatively, conduct or order a bond hearing in which the Respondents bear the burden of justifying Petitioner's continued detention. Petitioner also requests that the Court set aside recent policies implemented by Respondents that are contrary to the statutory right of non-citizens like Petitioner to seek release and bail through an exercise of the Respondents' discretion.

Mr. Ali is a native of Pakistan and has been physically present in the United States since he last entered the United States on May 14, 2023. He was at that time apprehended by officer of Customs and Border Patrol, expressed a fear of return, and was paroled into the country pending a review of his claim for asylum. Attached as Exhibit A are copies of the Notice to Appear that was issued to him upon his entry as well as a copy of the parole document.

Initially, Mr. Ali was scheduled for a hearing before an immigration judge in Newark, NJ, on January 28, 2026, but a motion to transfer venue was filed on his behalf when he moved to the Philadelphia area, where he currently resides at 6617 Harbison Avenue, Philadelphia, PA 19149. That motion was granted and his case was transferred to the jurisdiction of the Philadelphia Immigration Court. No current hearing in Philadelphia has been scheduled as of the filing of this petition.

On or about February 4, 2026, at an ICE check in at which Mr. Ali voluntarily appeared, he was detained and taken into custody, and is currently, upon information and belief, located at the Federal Detention Center in Philadelphia, Pennsylvania. , Mr.

Ali has no outstanding criminal warrants or convictions, and it is believed that he was taken into custody pursuant to a directive from headquarters setting a specific quota for apprehension. Respondents arbitrarily detained, Mr. Ali despite the requirement under 8 U.S.C. 1226(a) and its implementing regulations that immigration officials make an individualized custody determination. Moreover, Respondents have adopted policies enshrined in administrative decisions by the Board of Immigration Appeals ("BIA") that subject non-citizens like Mr. Ali to mandatory detention in violation of Section 1226(a). Mr. Ali is, upon information and belief, presently detained at Federal Detention Center in Philadelphia, Pennsylvania.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 2241 (habeas corpus); 28 U.S.C. 1651 (All Writs Act); 28 U.S.C. 1331 (federal question); 5 U.S.C. 702 (Administrative Procedures Act); U.S. Const. amend. V (Due Process Clause); and U.S. Const. art. I, 9, cl. 2 (Suspension Clause).

2. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. 1391(b) and 28 U.S.C. 2241(d), because at the time of filing his Petition for Writ of Habeas Corpus (Doc. 1), Mr. Ali is imprisoned at the Federal Detention Center ("FDC") in Philadelphia, Pennsylvania.

## PARTIES

3.      Petitioner Nawab Ali is a native of Pakistan who has been present in the United States for approximately two and a half ( 2 ½) years and has an application for asylum and withholding of removal pending with the government.  Attached as Exhibit B is a copy of that application, which has been pending since January of 2024, over two (2) years.. As noted supra, he is detained at the Federal Detention Center in Philadelphia, PA.

4.      Respondent JL Jamison is named in his official capacity as the Warden of Federal Detention Facility in Philadelphia, PA, which detains individuals suspected of civil immigration violations. Respondent Jamison is the immediate physical custodian responsible for the detention of Petitioner.

5.      Respondent Brian McShane is the Acting Philadelphia Field Office Director for Immigration and Customs Enforcement's ("ICE") Enforcement and Removal Operations. In this capacity he is responsible for the custody of all noncitizens detained by ICE at FDC, Philadelphia, where the Petitioner is currently detained, and has the authority to order the release Leiva Pinto or transfer him to a different facility. He is one of Mr. Ali's immediate custodians and is sued in his official capacity.

6.    Respondent Todd Lyons is the Acting Director of ICE. In this capacity he is responsible for enforcing immigration laws, and as such is a legal custodian of Mr. Ali. He is sued in his official capacity.

7.    Respondent Kristi Noem is Secretary of Homeland Security. In this capacity she runs the Department of Homeland Security, and is charged pursuant to 8 U.S.C. 1 103(a)(l) with administering and enforcing immigration laws. She is the ultimate legal custodian of Mr. Ali, and is sued in her official capacity.

8.    The Department of Homeland Security ("DHS") is the agency of the federal government responsible for enforcing the immigration laws. DHS is also Mr. Ali's legal custodian.

9.    Respondent Pamela Bondi is the Attorney General of the United States and the head of the U.S. Department of Justice, which encompasses the Board of Immigration Appeals ("BIA") and immigration courts, known collectively as the Executive Office of Immigration Review ("EOIR"). Ms. Bondi shares responsibility for the implementation and enforcement of immigration laws along with Respondent Noem. Ms. Bondi is a legal custodian of Mr. Ali. She is sued in her official capacity.

**LEGAL FRAMEWORK**

10. For non-citizens attempting to the enter the United States, the INA provides under 8 U.S.C. 1225(b)(2)(A) that "in the case of [a non-citizen] who is an

applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." "A noncitizen detained under Section 1225(b)(2) may be released only if he is paroled 'for urgent humanitarian reasons or significant public benefit' pursuant to 8 U.S.C. 1182(d)(5)(A)." Gomes v. Hyde, 25 Civ. 11571, 2025 WL 1868288, at *2 (D. Mass. July 7, 2025) (quoting Jennings v. Rodriguez, 583 U.S. 281, 300 (2018)).

11. In contrast, the Supreme Court has found that "U.S. immigration law authorizes the Government to detain certain [non-citizens] already in the country pending the outcome of removal proceedings under    1226(a) and (c)."

Jennings, 583 U.S. at 288-89.

12.    Section 236 of the INA provides in relevant part as follows:

(a) Arrest Detention and Release. On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—
(1) may continue to detain the arrested alien; and
(2) may release the alien on—
(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or (B) conditional parole ...

13.    The Supreme Court has interpreted similar "may" language in other provisions of the INA to require "some level of individualized determination."

I.N.S. v. Nat'l Ctr. For Immigrants ' Rights, 502 U.S. 183, 194 (1991). The regulation implementing Respondents' authority to arrest non-citizens present in the United States reads:

> "Any officer authorized to issue a warrant ofarrest may, in the officer's discretion, release an alien not described in [8 U.S.C. § 1236(c)(l)] of the Act, under the conditions at section [8 U.S.C. § 1236(a)(2) and (3)]; provided that the alien must demonstrate to the satisfaction ofthe officer that such release would not pose a danger to property or persons, and that the alien is likely to appearfor any future proceeding.,,

8 U.S.C.1236.1

14.    Noncitizens may request a review of an initial custody determination before an Immigration Judge ("IJ"). 8 C.F.R. 1236. I (d)(l); 8 C.F.R. § 1002.19(a). At this hearing an IJ may make the decision "upon any information that is available to the [Immigration Judge] or that is presented to him or her by the [non-citizen] or the [government]." 8 C.F.R. 1003.19(d)•, see also Matter of Guerra, 24 1&N Dec. 37, 39 (BIA 2006). Non-citizens may appeal a negative decision in a custody review before an IJ to the Board of Immigration Appeals. 8 C.F.R. 1236. I(d)(3)(i). The current statutory scheme was created through the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA").

15.    For the first time in nearly three decades, Respondents have taken the position through a series of precedential decisions by the Board of Immigration

Appeals that non-citizens residing in the interior of the United States are not entitled to a custody redetermination (a "bond hearing") before an Immigration Judge.

16. First, in Matter of Q. Li, 29 Dec. 66 (BIA 2025), the BIA held that a non-citizen who had been apprehended at the border and subsequently released into the United States is subject to mandatory detention without a possibility of bail upon re-detention, pursuant to 8 U.S.C. 1225(b), even if that re-detention occurs years after their initial release from custody. The BIA reasoned that "an applicant for admission who is arrested and detained without a warrant while in the process of arriving in the United States, whether or not at a port of entry, and subsequently placed in removal proceedings is detained under section [1225(b)] [J, and is ineligible for any subsequent release on bond under section [1226(a)]." Q. Li, 29 Dec. at 74.

17. Then in Matter of Yajure Hurtado, 29 1&N Dec. 216 (BIA 2025), the BIA stated that all non-citizens who are present in the United States without admission are subject to mandatory detention under Section 1225(b), regardless of how long they have been residing in the U.S. and absent any prior interaction with immigration authorities.

## FACTS AND PROCEDURAL HISTORY

18. Mr. Ali is a native and citizen of Pakistan;

19.    On May 14, 2023, Mr. Ali presented himself at the border near San Ysidro, California, and sought asylum;

20.    Thereafter, he was paroled into the United States, initially settling in New Jersey but, as noted above, eventually moving to Philadelphia, where he was residing when he was taken into custody;

21.    As noted supra, on or about February 4, 2026, Mr. Ali voluntarily appeared for an ICE check in and was taken into custody. Upon information and belief, he has been transferred to the Federal Detention Center, where he is currently located.

## CLAIM FOR RELIEF

## COUNT ONE VIOLATION

## OF DUE PROCESS, U.S.

## CONST. AMEND. V

22.    Petitioner repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

23.    The Fifth Amendment's Due Process Clause prevents the Government from depriving any person of "life, liberty, or property, without due process of law." U.S. Const. amend. V.

24.    The Due Process Clause extends to noncitizens residing in the United States, whether they have lawful status or not. See Mathews v. Diaz, 426 U.S. 67, 77 (1976); Zadvydas v. Davis, 533 U.S. 678, 693 (2001). Specifically, "[i]t is well established that the Fifth Amendment entitles [non-citizens] to due process of law in deportation proceedings. Reno v. Flores, 507 U.S. 292, 306 (1993); see also Abdulai v. Ashcroft, 239 F.3d 542, 549 (3d Cir. 2001) ("[Non-citizens] facing removal are entitled to due process"); Calderon-Rosas v. Atty ' Gen., 957 F.3d 378, 386 (3d Cir. 2020) ("In sum, petitioners seeking discretionary relief are entitled to fundamentally fair removal proceedings, which constitutes a protected interest supporting a due process claim.").

25.    Evaluating the adequacy of the process provided to a non-citizen requires a balancing of factors. "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

26.    First, Mr. Ali faces a violation of "the most significant liberty interest there is—the interest in being free from imprisonment." Velasco Lopez v. Decker, 978 F.3d 842, 851 (2d Cir. 2020) (citing Hamdi v. Rumsfeld, 542 U.S. 507, 529

(2004)). Second, Respondents have erroneously deprived Mr. Ali of his liberty without any individualized assessment of his circumstances. Third, Respondents did not make any individualized finding that Mr. Ali was a danger or flight risk, so there does not appear to be a significant government interest in detaining Mr. Ali;

27. An application of these factors requires that Mr. Ali should have been provided with additional process before being detained.

## COUNT TWO

## VIOLATION OF THE IMMIGRATION AND NATIONALITY ACT, 8 U.S.C. 12260)

31. Petitioner repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

32. The mandatory detention provision at 8 U.S.C. 1225(b)(2) does not apply to all noncitizens residing in the United States who are subject to grounds of inadmissibility. As, relevant here, it does not apply to those who have been residing in the United States at liberty after being briefly detained at or near the border. Such noncitizens, if detained, are done so under 1226(a), and are generally eligible release on bond.

33. Respondents' authority to detain Mr. Ali is derived from 8 U.S.C. 1226(a) as Mr. Ali is already present in the United States.

34. Respondents have detained Mr. Ali without making an individualized determination regarding whether he posed a danger or flight risk as required by 8 U.S.C. 1226(a) and its regulations.

35. Moreover, Respondents' current policies as set forth in the BIA's decisions in Matter of Q. Li and Matter of Yajure Hurtado unlawfully prevent Mr. Ali from obtaining a custody redetermination in front of an Immigration Judge as is his right by statute.

## COUNT THREE

## VIOLATION OF THE BOND REGULATIONS, 8 C.F.R. 236.1, 1236.1 and 1003.19

36. Petitioner repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

37. In 1997, after Congress amended the INA through IIRIRA, EOIR the then-Immigration and Naturalization Service issued an interim rule to interpret and apply IIRIRA. Specifically, under the heading of "Apprehension, Custody, and Detention of [Non-citizens]," the agencies explained that "[d]espite being applicants for admission, [noncitizens] who are present without having been admitted or paroled (formerly referred to as [noncitizens] who entered without inspection) will be eligible for bond and bond redetermination. " 62 Fed. Reg. at 10323 (emphasis added). Thus,

the agencies made clear that non-citizens present in the United States would be eligible for consideration for bond and bond hearings before IJs under 8 U.S.C. 1226 and its implementing regulations.

38.    Yet, Respondents have adopted a policy and practice of applying § 1225(b)(2) to non-citizens like Mr. Leiva Pinto who are present in the United States without being admitted or paroled.

39.    The application of 1225(b)(2) to Mr. Ali unlawfully mandates his continued detention in violation of 8 C.F.R. 236. l, 1236.1, and 1003.19.

## COUNT FOUR

## VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT ("APA"), 5 U.S.C. 701, et. seq.

40.    Petitioner repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

41.    Mr. Ali is aggrieved by agency action under the Administrative Procedure Act, 5 U.S.C. 701 et. seq. Specifically, Respondents have acted arbitrarily in detaining Mr. Ali without conducting an individualized determination into his circumstances. In other words, Respondents have not presented any indication that Mr. Ali's circumstances have changed such that he is now a danger or flight risk in a way that he was not when he entered the country in 2023. In fact, he had an ICE check in a few weeks before the one at which he was detained, and was released. Nothing has

changed since that last appointment, and no reason was given for his arbitrary detention at this check in.

42.     Additionally, Respondents' recent policies announced through administrative decisions issued by the BIA unlawfully withhold the right to a bond hearing under 8 U.S.C. 1226(a) to Mr. Ali, and make any exhaustion of his remedies moot.

43.     These policies are arbitrary, capricious, and not in accordance with the text of the INA.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner prays that this Court grant the following relief:

Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner from custody immediately on his own recognizance or under parole, bond or reasonable conditions of supervision, on the ground that his continued detention by the Department of Homeland Security violates his Due Process rights;

Set aside Respondents' unlawful detention policy contained Matter of Q. Li and Matter of Yajure Hurtado under the APA, 5 U.S.C. 706(2), as contrary to law, arbitrary and capricious, and contrary to constitutional right;

Issue a writ requiring an immediate, constitutionally adequate hearing before an Immigration Judge, at which: (i) DHS bears the burden to demonstrate, by clear and convincing evidence, that Petitioner's continued detention is necessary, and (ii) the immigration judge considers Petitioner's ability to pay a bond.

While this petition is pending, order Petitioner's immediate release pursuant to the Court's inherent authority to release habeas corpus petitioners on bail;

Enter a judgment declaring that Respondents' detention of Petitioner is unauthorized by statute and contrary to law and the U.S. Constitution;

Award Petitioner reasonable costs and attorneys' fees;

Grant any further relief that this Court may deem fit and proper.

Dated: February 6, 2026    Respectfully submitted,

Christine M. Flowers, Esquire
(PA Bar 51181)
Joseph M. Rollo and
Asociates PC
2527    South    Broad
Street
Philadelphia PA 19148
(215)271-5550
team@rollolawoffice.
com
ATTORNEY FOR PETITIONER

# LIST OF EXHIBITS

Ex. A. Notice to Appear and Parole Document issued to Petitioner

Ex. B    A copy of the Petitioner's application for asylum

EXHIBIT A

DEPARTMENT OF HOMELAND SECURITY
## NOTICE TO APPEAR

DOB: 05/16/1985

Event No: IMB2305000218

---

**In removal proceedings under section 240 of the Immigration and Nationality Act:**

Subject ID: 385064487              FINS: 1197828870              File No: 241 309 751

In the Matter of:

Respondent: **NAWAB ALI**                                          currently residing at:

1144 STATION AVE GLOUCESTER CITY,NEW JERSEY, 080301367

(Number, street, city, state and ZIP code)                    (Area code and phone number)

☐ You are an arriving alien.

☒ You are an alien present in the United States who has not been admitted or paroled.

☐ You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;

2. You are a native of PAKISTAN and a citizen of PAKISTAN ;

3. On or about May 14, 2023, you illegally entered the United States at or near SAN YSIDRO,  CA and were not inspected by an Immigration Officer.

4. You are an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act;

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

   **See Continuation Page Made a Part Hereof**

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to:       ☐ 8CFR 208.30     ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

 970 Broad Street, Room 1200, 12th Floor Newark NJ 07102. EOIR Newark, NJ
                    (Complete Address of Immigration Court, including Room Number, if any)

on ___July 10, 2023___ at ___8:00 AM___ to show why you should not be removed from the United States based on the
      (Date)                    (Time)

charge(s) set forth above.        A. 6505 CABEZAS - SDDO
                                  (Signature and Title of Issuing Officer)

Date: ___May 15, 2023___          Newark, NJ
                                  (City and State)

DHS Form I-862 (6/22)                                              Page 1 of 4

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are in removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear, including that you are inadmissible or removable. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge. You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form I-589, Application for Asylum and for Withholding of Removal. The Form I-589, Instructions, and information on where to file the Form can be found at **www.uscis.gov/i-589**. Failure to file the Form I-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

**Failure to appear:** You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the internet at **http://www.ice.gov/contact/ero**, as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

U.S. Citizenship Claims: If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

**Sensitive locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in 8 U.S.C. § 1229(e)(1), such action complied with 8 U.S.C. § 1367.

### Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before: _____

_____
(Signature of Respondent)

Date: _____

_____
(Signature and Title of Immigration Officer)

### Certificate of Service

This Notice To Appear was served on the respondent by me on __May 15, 2023__ , in the following manner and in compliance with section 239(a)(1) of the Act.

☐ in person  ☐ by certified mail, returned receipt # _____ requested  ☒ by regular mail

☐ Attached is a credible fear worksheet.

☒ Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the __ENGLISH__ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____
(Signature of Respondent if Personally Served)

J4573 DELGADO - DO  *JDelgado*
_____
(Signature and Title of officer)

### Authority:
The Department of Homeland Security through U.S. Immigration and Customs Enforcement (ICE), U.S Customs and Border Protection (CBP), and U.S. Citizenship and Immigration Services (USCIS) are authorized to collect the information requested on this form pursuant to Sections 103, 237, 239, 240, and 290 of the Immigration and Nationality Act (INA), as amended (8 U.S.C. 1103, 1229, 1229a, and 1360), and the regulations issued pursuant thereto.

### Purpose:
You are being asked to sign and date this Notice to Appear (NTA) as an acknowledgement of personal receipt of this notice. This notice, when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR), initiates removal proceedings. The NTA contains information regarding the nature of the proceedings against you, the legal authority under which proceedings are conducted, the acts or conduct alleged against you to be in violation of law, the charges against you, and the statutory provisions alleged to have been violated. The NTA also includes information about the conduct of the removal hearing, your right to representation at no expense to the government, the requirement to inform EOIR of any change in address, the consequences for failing to appear, and that generally, if you wish to apply for asylum, you must do so within one year of your arrival in the United States. If you choose to sign and date the NTA, that information will be used to confirm that you received it, and for recordkeeping.

### Routine Uses:
For United States Citizens, Lawful Permanent Residents, or individuals whose records are covered by the Judicial Redress Act of 2015 (5 U.S.C. § 552a note), your information may be disclosed in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a(b), including pursuant to the routine uses published in the following DHS systems of records notices (SORN): DHS/USCIS/ICE/CBP-001 Alien File, Index, and National File Tracking System of Records, DHS/USCIS-007 Benefit Information System, DHS/ICE-011 Criminal Arrest Records and Immigration Enforcement Records (CARIER), and DHS/ICE-003 General Counsel Electronic Management System (GEMS), and DHS/CBP-023 Border Patrol Enforcement Records (BPER). These SORNs can be viewed at https://www.dhs.gov/system-records-notices-sorns. When disclosed to the DOJ's EOIR for immigration proceedings, this information that is maintained and used by DOJ is covered by the following DOJ SORN: EOIR-001, Records and Management Information System, or any updated or successor SORN, which can be viewed at https://www.justice.gov/opcl/doj-systems-records. Further, your information may be disclosed pursuant to routine uses described in the abovementioned DHS SORNs or DOJ EOIR SORN to federal, state, local, tribal, territorial, and foreign law enforcement agencies for enforcement, investigatory, litigation, or other similar purposes.

For all others, as appropriate under United States law and DHS policy, the information you provide may be shared internally within DHS, as well as with federal, state, local, tribal, territorial, and foreign law enforcement; other government agencies; and other parties for enforcement, investigatory, litigation, or other similar purposes.

### Disclosure:
Providing your signature and the date of your signature is voluntary. There are no effects on you for not providing your signature and date; however, removal proceedings may continue notwithstanding the failure or refusal to provide this information.

EOIR — 3 of 4

DHS Form I-862 (6/22)

**U.S. Department of Homeland Security**                    Continuation Page for Form  I-862

| Alien's Name | File Number | Date |
|---|---|---|
| ALI, NAWAB | 241 309 751<br>Event No: IMB2305000218 | 06/08/2023 |

ON THE BASIS OF THE FOREGOING, IT IS CHARGED THAT YOU ARE SUBJECT TO REMOVAL FROM THE UNITED STATES PURSUANT TO THE FOLLOWING PROVISION(S) OF LAW:
------------------------------------------------------------------------------------------------------------------------------

212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (Act), as amended, as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under section 211(a) of the Act.

| Signature | Title |
|---|---|
| A. 6505 CABEZAS | SDDO |

____4____ of ____4____ Pages

Form I-831 Continuation Page (Rev. 08/01/07)

DEPARTMENT OF HOMELAND SECURITY
## CALL-IN LETTER

| | |
|---|---|
| To *(Name, Address, City, State, Zip Code)*<br>Nawab ALI<br><br>c/o Rhamani Bacha<br>1144 Station Ave<br>Gloucester City, NJ 08030<br>(267)234-1662 | File Number **241 309 751**<br><br>Date **07/14/2023** |

**Please come to the office listed below at the time and place indicated in connection with an official matter.**

| | |
|---|---|
| Office Location | Immigration and Customs Enforcement<br>532 Fellowship Road, Mount Laurel, NJ 08054   (856)787-3499 |
| Time and Hour | Tuesday, August 1, 2023 at 10:00 A.M. |
| Ask For | Any Non-Detained Officer |
| Reason for Appointment | Follow-up |
| Bring With You | **Please bring along with any and all originals/copies of passports and/or immigration documents.  Also, any and all documentation of existing medical conditions, including required medications.** |

**It is important that you keep this appointment and bring this letter with you.
If you are unable to do so, state your reason, sign below, and return this letter to this office at once.**

O.Flores, Deportation Officer

Name and Title of Authorizing Official

Signature of Authorizing Official

| I am unable to keep the appointment because: | |
|---|---|
| | |
| Signature | Date |

DHS Form G-56 (1/09)

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement



Date:  07/14/2023
In Reference to:  A# 241 309 751

### **INTERIM NOTICE AUTHORIZING PAROLE**

This letter is to inform you that U.S. Immigration and Customs Enforcement (ICE) has decided to parole you from its custody pursuant to its authority under section 212(d)(5)(A) of the Immigration and Nationality Act.  This notice is being issued to you in lieu of Form I-94, *Arrival-Departure Record*, *see* 8 C.F.R. § 235.1(h)(2), and you should maintain a copy of this letter in your possession at all times.

Your parole authorization is valid for one year beginning from the date on this notice and will automatically terminate upon your departure or removal from the United States or at the end of the one-year period unless ICE provides you with an extension at its discretion.  ICE may also terminate parole on notice prior to the automatic termination date.  Parole is entirely within the discretion of ICE and can be terminated at any time and for any reason.  Your parole is not valid for work authorization and is not an admission in lawful status.

Parole is conditioned on you complying with the terms and conditions of your release.  You must notify ICE <u>and</u> the immigration judge of any address correction or address change.  You must report for every scheduled hearing before the immigration court and every appointment as directed by ICE (including for removal from the United States should you become subject to a final removal order).  You must not violate any local, State or Federal laws or ordinances.  You must comply with any other specified conditions if identified separately.

I certify that I received a copy of this notice.

ALI, Nawab
Alien Name

Alien Signature

07/14/2023
Date

---

### CERTIFICATE OF SERVICE

I certify that on today's date, I served the respondent a copy of this parole notice by the following method (as checked):

☒  In person   ☐ Other: _____

DO O. Flores
ICE Official Name

ICE Official Signature

07/14/2023
Date

FINS: 1197828870                                    Subject ID : 385064487                                    Event No: IMB2305000218

| 1. FAMILY NAME (Capital Letters) | First Name | Middle Name | 2. Age | 3. Country of Citizenship | |
|---|---|---|---|---|---|
| ALI | NAWAB | | 38 | PAKISTAN | |
| 4. Alias | | | 5. Date Apprehended May 14, 2023 | | 6. Office |

| 7. Birth Date 05/16/1985 | 8. Birth Place  PAKISTAN | |
|---|---|---|
| 9. Sex  ☒ Male    ☐ Female | 10. OSC/WA Served  ☐ Yes    ☐ No    (Explain) | |
| 11. File Number  A241 309 751 | 12. Bond          Date Posted  $ | |
| 13. CINS  ☐ Yes  ☒ No | 14 Medical Alert    ☒ No    ☐ Yes    (Explain) | 14 A. |

| 15. TRANSFER DATE | FROM | TO |
|---|---|---|
| A | | |
| B | | |
| C | | |

| 16. ADMITTED BY: | 19. RELEASED TO: ☐ V/R  ☐ Deport | 22. Rt. Index Print – In | 23. Rt. Index Print - Out |
|---|---|---|---|
| 17. SEARCHED IN BY: | 20. RELEASED BY: | | |
| 18. DATE ADMITTED: | 21. DATE RELEASED: | | |
| 24. Remarks: | | | |
| FORM I-385 (08/01/07)                    ALIEN BOOKING RECORD  UNITED STATES DEPARTMENT OF HOMELAND SECURITY | | | |

EXHITT B

**Non-Detained**

Christine M Flowers, Esq.
Joseph M. Rollo and Associates, PC
2527 South Broad Street
Philadelphia PA 19148
(215) 271-5550

## UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
## IMMIGRATION COURT
## NEWARK, NEW JERSEY

| | |
|---|---|
| **IN THE MATTER OF NAWAB ALI**<br><br>Respondent<br><br>In Removal Proceedings | **File No.: A 241-309-751** |

**Next Hearing: January 28, 2026, at 9:00 AM   Before Honorable Alberto J. Riefkohl**

## I-589, APPLICATION FOR ASYLUM AND FOR

## WITHHOLDING OF REMOVAL

## TABLE OF CONTENTS

**DOCUMENT**                                                        **PAGE**

1.  **I-589, Asylum Application**                                    1

2.  **Proof of Service**                                             13

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**U.S. Department of Justice**
Executive Office for Immigration Review

OMB No. 1615-0067; Expires 06/30/2026

## I-589, Application for Asylum and for Withholding of Removal

**START HERE** - Type or print in black ink. See the instructions for information about eligibility and how to complete and file this application. There is no filing fee for this application.

**NOTE:** ☒ Check this box if you also want to apply for withholding of removal under the Convention Against Torture.

### Part A.I. Information About You

| 1. Alien Registration Number(s) (A-Number) (if any) | 2. U.S. Social Security Number (if any) | 3. USCIS Online Account Number (if any) |
|---|---|---|
| 241309751 | 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 | 000000000 |

| 4. Complete Last Name | 5. First Name | 6. Middle Name |
|---|---|---|
| ALI | NAWAB | NONE |

**7.** What other names have you used (include maiden name and aliases)?

NONE

**8.** Residence in the U.S. (where you physically reside)

| Street Number and Name | Apt. Number |
|---|---|
| 1212 ALTER STREET | |

| City | State | Zip Code | Telephone Number |
|---|---|---|---|
| PHILADELPHIA | PA | 19147 | ( 215 ) 4392548 |

(**NOTE:** *You must be residing in the United States to submit this form.*)

**9.** Mailing Address in the U.S. (if different than the address in Item Number 8)

| In Care Of (if applicable): | Telephone Number |
|---|---|
| SAME | ( ) |

| Street Number and Name | Apt. Number |
|---|---|
| SAME | |

| City | State | Zip Code |
|---|---|---|
| SAME | SAME | |

| 10. Gender: ☒ Male  ☐ Female | 11. Marital Status: ☐ Single  ☒ Married  ☐ Divorced  ☐ Widowed |
|---|---|

| 12. Date of Birth (mm/dd/yyyy) | 13. City and Country of Birth |
|---|---|
| 05/16/1985 | BARA BANDAI SWAT KPK PAKISTAN |

| 14. Present Nationality (Citizenship) | 15. Nationality at Birth | 16. Race, Ethnic, or Tribal Group | 17. Religion |
|---|---|---|---|
| PAKISTANI | PAKISTANI | SOUTH ASIAN | MUSLIM |

**18.** *Check the box, a through c, that applies:*  **a.** ☐ I have never been in Immigration Court proceedings.

**b.** ☒ I am now in Immigration Court proceedings.    **c.** ☐ I am **not** now in Immigration Court proceedings, but I have been in the past.

**19.** *Complete 19 a through c.*

**a.** When did you last leave your country? (mm/dd/yyyy) 02/21/2023    **b.** What is your current I-94 Number, if any? _____

**c.** List each entry into the U.S. beginning with your most recent entry. *List date (mm/dd/yyyy), place, and your status for each entry. (Attach additional sheets as needed.)*

| Date 05/14/2023 | Place BORDER WITH USA | Status EWI | Date Status Expires 05/14/2023 |
|---|---|---|---|
| Date | Place | Status | |
| Date | Place | Status | |

| 20. What country issued your last passport or travel document? | 21. Passport Number EMI1794773 | 22. Expiration Date (mm/dd/yyyy) |
|---|---|---|
| PAKISTAN | Travel Document Number | 09/07/2024 |

| 23. What is your native language (include dialect, if applicable)? | 24. Are you fluent in English? | 25. What other languages do you speak fluently? |
|---|---|---|
| PASHTO | ☐ Yes  ☒ No | URDU |

| For EOIR use only. | For USCIS use only. | Action: Interview Date: _____ Asylum Officer ID No.: _____ | Decision: Approval Date: _____ Denial Date: _____ Referral Date: _____ |
|---|---|---|---|

Form I-589  Edition  03/01/23

## Part A.II. Information About Your Spouse and Children

**Your spouse**    ☐ I am not married. (Skip to **Your Children** below.)

| 1. Alien Registration Number (A-Number) *(if any)*<br>000000000 | 2. Passport/ID Card Number *(if any)*<br>00000000 | 3. Date of Birth *(mm/dd/yyyy)*<br>03/04/1993 | 4. U.S. Social Security Number *(if any)*<br>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 |
|---|---|---|---|
| 5. Complete Last Name<br>**NAWAB** | 6. First Name<br>**NABEELA** | 7. Middle Name<br>**NONE** | 8. Other names used *(include maiden name and aliases)*<br>**NONE** |

| 9. Date of Marriage *(mm/dd/yyyy)*<br>08/28/2014 | 10. Place of Marriage<br>**SWAT PAKISTAN** | 11. City and Country of Birth<br>**SWAT PAKISTAN** |
|---|---|---|

| 12. Nationality *(Citizenship)*<br>**PAKSITANI** | 13. Race, Ethnic, or Tribal Group<br>**SOUTH ASIAN** | 14. Gender<br>☐ Male    ☒ Female |
|---|---|---|

**15. Is this person in the U.S.?**
☐ Yes *(Complete Blocks 16 to 24.)*    ☒ No *(Specify location):* **PAKISTAN**

| 16. Place of last entry into the U.S. | 17. Date of last entry into the U.S. *(mm/dd/yyyy)* | 18. I-94 Number *(if any)* | 19. Status when last admitted *(Visa type, if any)* |
|---|---|---|---|
| 20. What is your spouse's current status? | 21. What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | 22. Is your spouse in Immigration Court proceedings?<br>☐ Yes    ☐ No | 23. If previously in the U.S., date of previous arrival *(mm/dd/yyyy)* |

**24. If in the U.S., is your spouse to be included in this application?** *(Check the appropriate box.)*
☐ Yes
☒ No

**Your Children.** List **all** of your children, regardless of age, location, or marital status.

☐ I do not have any children. *(Skip to Part A.III.. Information about your background.)*

☒ I have children.    Total number of children: **3**

(**NOTE:** *Use Form I-589 Supplement A or attach additional sheets of paper and documentation if you have more than four children.*)

| 1. Alien Registration Number (A-Number) *(if any)*<br>000000000 | 2. Passport/ID Card Number *(if any)*<br>000000000 | 3. Marital Status *(Married, Single, Divorced, Widowed)*<br>**SINGLE** | 4. U.S. Social Security Number *(if any)*<br>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 |
|---|---|---|---|
| 5. Complete Last Name<br>**NAWAB** | 6. First Name<br>**FARIA** | 7. Middle Name<br>**NONE** | 8. Date of Birth *(mm/dd/yyyy)*<br>06/23/2015 |
| 9. City and Country of Birth<br>**SWAT PAKISTAN** | 10. Nationality *(Citizenship)*<br>**PAKSITANI** | 11. Race, Ethnic, or Tribal Group<br>**SOUTHASIAN** | 12. Gender<br>☐ Male    ☒ Female |

**13. Is this child in the U.S. ?**    ☐ Yes *(Complete Blocks 14 to 21.)*    ☒ No *(Specify location):* **PAKISTAN**

| 14. Place of last entry into the U.S. | 15. Date of last entry into the U.S. *(mm/dd/yyyy)* | 16. I-94 Number *(If any)* | 17. Status when last admitted *(Visa type, if any)* |
|---|---|---|---|
| 18. What is your child's current status? | 19. What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | 20. Is your child in Immigration Court proceedings?<br>☐ Yes    ☐ No | |

**21. If in the U.S., is this child to be included in this application?** *(Check the appropriate box.)*
☐ Yes
☒ No

## Part A.II. Information About Your Spouse and Children (Continued)

| 1. Alien Registration Number (A-Number) *(if any)* | 2. Passport/ID Card Number *(if any)* | 3. Marital Status *(Married, Single, Divorced, Widowed)* | 4. U.S. Social Security Number *(if any)* |
|---|---|---|---|
| 000000000 | 000000000 | SINGLE | 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 |

| 5. Complete Last Name | 6. First Name | 7. Middle Name | 8. Date of Birth *(mm/dd/yyyy)* |
|---|---|---|---|
| NAWAB | AIWA | NONE | 06/09/2018 |

| 9. City and Country of Birth | 10. Nationality *(Citizenship)* | 11. Race, Ethnic, or Tribal Group | 12. Gender |
|---|---|---|---|
| SWAT PAKISTAN | PAKISTANI | SOUTHASIAN | ☐ Male  ☒ Female |

**13. Is this child in the U.S. ?** ☐ Yes *(Complete Blocks 14 to 21.)* ☒ No *(Specify location):* **PAKISTAN**

| 14. Place of last entry into the U.S. | 15. Date of last entry into the U.S. *(mm/dd/yyyy)* | 16. I-94 Number *(If any)* | 17. Status when last admitted *(Visa type, if any)* |
|---|---|---|---|
| | | | |

| 18. What is your child's current status? | 19. What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | 20. Is your child in Immigration Court proceedings? |
|---|---|---|
| | | ☐ Yes  ☐ No |

**21. If in the U.S., is this child to be included in this application?** *(Check the appropriate box.)*
☐ Yes
☒ No

| 1. Alien Registration Number (A-Number) *(if any)* | 2. Passport/ID Card Number *(if any)* | 3. Marital Status *(Married, Single, Divorced, Widowed)* | 4. U.S. Social Security Number *(if any)* |
|---|---|---|---|
| 000000000 | 000000000 | SINGLE | 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 |

| 5. Complete Last Name | 6. First Name | 7. Middle Name | 8. Date of Birth *(mm/dd/yyyy)* |
|---|---|---|---|
| NAWAB | RAZA | ULLAH | 10/02/2020 |

| 9. City and Country of Birth | 10. Nationality *(Citizenship)* | 11. Race, Ethnic, or Tribal Group | 12. Gender |
|---|---|---|---|
| SWAT PAKISTAN | PAKISTANI | SOUTHASIAN | ☒ Male  ☐ Female |

**13. Is this child in the U.S. ?** ☐ Yes *(Complete Blocks 14 to 21.)* ☒ No *(Specify location):* **PAKSITAN**

| 14. Place of last entry into the U.S. | 15. Date of last entry into the U.S. *(mm/dd/yyyy)* | 16. I-94 Number *(If any)* | 17. Status when last admitted *(Visa type, if any)* |
|---|---|---|---|
| | | | |

| 18. What is your child's current status? | 19. What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | 20. Is your child in Immigration Court proceedings? |
|---|---|---|
| | | ☐ Yes  ☐ No |

**21. If in the U.S., is this child to be included in this application?** *(Check the appropriate box.)*
☐ Yes
☒ No

| 1. Alien Registration Number (A-Number) *(if any)* | 2. Passport/ID Card Number *(if any)* | 3. Marital Status *(Married, Single, Divorced, Widowed)* | 4. U.S. Social Security Number *(if any)* |
|---|---|---|---|
| | | | |

| 5. Complete Last Name | 6. First Name | 7. Middle Name | 8. Date of Birth *(mm/dd/yyyy)* |
|---|---|---|---|
| | | | |

| 9. City and Country of Birth | 10. Nationality *(Citizenship)* | 11. Race, Ethnic, or Tribal Group | 12. Gender |
|---|---|---|---|
| | | | ☐ Male  ☐ Female |

**13. Is this child in the U.S. ?** ☐ Yes *(Complete Blocks 14 to 21.)* ☐ No *(Specify location):*

| 14. Place of last entry into the U.S. | 15. Date of last entry into the U.S. *(mm/dd/yyyy)* | 16. I-94 Number *(If any)* | 17. Status when last admitted *(Visa type, if any)* |
|---|---|---|---|
| | | | |

| 18. What is your child's current status? | 19. What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | 20. Is your child in Immigration Court proceedings? |
|---|---|---|
| | | ☐ Yes  ☐ No |

**21. If in the U.S., is this child to be included in this application?** *(Check the appropriate box.)*
☐ Yes
☐ No

## Part A.III. Information About Your Background

1. List your last address where you lived before coming to the United States. If this is not the country where you fear persecution, also list the last address in the country where you fear persecution. *(List Address, City/Town, Department, Province, or State and Country.)*
   (**NOTE:** *Use Form I-589 Supplement B, or additional sheets of paper, if necessary.)*

| Number and Street *(Provide if available)* | City/Town | Department, Province, or State | Country | Dates From *(Mo/Yr)* | To *(Mo/Yr)* |
|---|---|---|---|---|---|
| ADDRESS KNOWN | BARA BANDAI | SWAT KPK | PAKISTAN | 05/1985 | 02/2023 |
|  |  |  |  |  |  |

2. Provide the following information about your residences during the past 5 years. List your present address first.
   (**NOTE:** *Use Form I-589 Supplement B, or additional sheets of paper, if necessary.)*

| Number and Street | City/Town | Department, Province, or State | Country | Dates From *(Mo/Yr)* | To *(Mo/Yr)* |
|---|---|---|---|---|---|
| 1212 ALTER STREET | PHILADEOLPHIA | PA | USA | 10/2023 | 12/2023 |
| 1144 STATION AVENUE | GLOUCESTER CITY | NJ | USA | 05/2023 | 10/2023 |
| ADDRESS KNOWN | BARA BANDAI | SWAT KPK | PAKISTAN | 05/1985 | 02/2023 |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

3. Provide the following information about your education, beginning with the most recent school that you attended.
   (**NOTE:** *Use Form I-589 Supplement B, or additional sheets of paper, if necessary.)*

| Name of School | Type of School | Location *(Address)* | Attended From *(Mo/Yr)* | To *(Mo/Yr)* |
|---|---|---|---|---|
| GENERAL SCHOOL BARA BANDAI | TECHNICAL SCHOOL | BARA BANDAI SWAT KPK | 09/1992 | 06/2002 |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

4. Provide the following information about your employment during the past 5 years. List your present employment first.
   (**NOTE:** *Use Form I-589 Supplement B, or additional sheets of paper, if necessary.)*

| Name and Address of Employer | Your Occupation | Dates From *(Mo/Yr)* | To *(Mo/Yr)* |
|---|---|---|---|
| NAWAB ALI PHARMACY AND FIRST AID CLINIC KPK SWAT | OWNER AND OPERATOR | 01/2018 | 02/2023 |
| MACKINNON MACKENSIE AND CO PAKISTAN LTD | SEAMAND AND WORKER | 01/2007 | 01/2018 |
|  |  |  |  |

5. Provide the following information about your parents and siblings (brothers and sisters). Check the box if the person is deceased.
   (**NOTE:** *Use Form I-589 Supplement B, or additional sheets of paper, if necessary.)*

| Full Name | City/Town and Country of Birth | Current Location |
|---|---|---|
| *Mother* JEHAN PURA | SWAT PAKISTAN | ☐ Deceased PAKISTAN |
| *Father* MUHAMMAD RASHAD | SWAT PAKISTAN | ☐ Deceased PAkistan |
| *Sibling* RASHIDA BIBI | SWAT PAKISTAN | ☐ Deceased PAKISTAN |
| *Sibling* RAHAM BEGUN | SWAT PAKISTAN | ☐ Deceased PAKISTAN |
| *Sibling* SALEEM AHMED | SWAT PAKISTAN | ☐ Deceased PAKISTAN |
| *Sibling* RAHAM KABIR | SWAT PAKISTAN | ☐ Deceased PAKISTAN |

## Part B. Information About Your Application

*(**NOTE:** Use Form I-589 Supplement B, or attach additional sheets of paper as needed to complete your responses to the questions contained in Part B.)*

When answering the following questions about your asylum or other protection claim (withholding of removal under 241(b)(3) of the INA or withholding of removal under the Convention Against Torture), you must provide a detailed and specific account of the basis of your claim to asylum or other protection. To the best of your ability, provide specific dates, places, and descriptions about each event or action described. You must attach documents evidencing the general conditions in the country from which you are seeking asylum or other protection and the specific facts on which you are relying to support your claim. If this documentation is unavailable or you are not providing this documentation with your application, explain why in your responses to the following questions.

Refer to Instructions, Part 1: Filing Instructions, Section II, "Basis of Eligibility," Parts A - D, Section V, Completing the Form," Part B, and Section VII, "Additional Evidence That You Should Submit," for more information on completing this section of the form.

1. Why are you applying for asylum or withholding of removal under section 241(b)(3) of the INA, or for withholding of removal under the Convention Against Torture? Check the appropriate box(es) below and then provide detailed answers to questions A and B below.

I am seeking asylum or withholding of removal based on:

| | |
|---|---|
| ☐ Race | ☒ Political opinion |
| ☐ Religion | ☒ Membership in a particular social group |
| ☐ Nationality | ☒ Torture Convention |

**A.** Have you, your family, or close friends or colleagues ever experienced harm or mistreatment or threats in the past by anyone?

☐ No      ☒ Yes

If "Yes," explain in detail:
1. What happened;
2. When the harm or mistreatment or threats occurred;
3. Who caused the harm or mistreatment or threats; and
4. Why you believe the harm or mistreatment or threats occurred.

MY FAMILY HAS ALWAYS BEEN VERY ACTIVE IN CIVIL RIGHTS WORK IN OUR AREA.  MY FAMILY HAS ALWAYS BELONGED TO AND BEEN ASSOCIATED WITH THE AWAMI NATIONAL PARTY, THE ANP, WHICH FIGHTS FOR THE RIGHTS OF ALL PEOPLE, INCLUDING THOSE WHO FIGHT AGAINST EXTREMISM LIKE THAT PRACTICED BY THE TALIBAN.  MY BROTHER ALSO HAD A VOCATIONAL SCHOOL WHICH HELPED THE WIDOWS AND CHILDREN OF MEN WHO HAD BEEN KILLED IN ATTACKS FROM THE FUNDAMENTALISTS AND IN CONFLICT WITH THE ARMY.  I ALSO HAD A PHARMACY THAT I HAD OPENED, AND OUR PUBLIC AND HIGH PROFILE ACTIVITIES AGAINST THE EXTREMISM MADE US TARGETS OF THE TALIBAN.  IN 2007-2009 THERE WAS A LOT OF VIOLENCE IN THE SWAT REGION AS THE TALIBAN BECAME VERY VIOLENT, AND I WE WERE ALWAYS VERY VOCAL AGAINST THE TALIBAN AT THIS TIME, AND SUPPORTED THE EFFORTS TO GET THEM OUT OF THE REGION.  ON 10/20/2008, I OPENED MY PHARMACY AND THERE WAS A NOTE FROM THE TALIBAN AND IT WARNED ME BECAUSE IT SAID THAT I WAS

**B.** Do you fear harm or mistreatment if you return to your home country?

☐ No      ☒ Yes

If "Yes," explain in detail:
1. What harm or mistreatment you fear;
2. Who you believe would harm or mistreat you; and
3. Why you believe you would or could be harmed or mistreated.

(CONTINUED) HELPING THE GOVERMMENT OFFICERS, AND THAT I WOULD BE IN TROUCBLE BECUASE THEY CONSIDERED ME AN ENEMY SINCE I WAS HELPING THE GOVEREMNMT.  THEN A FFEW HOURS LATER, THE TALIBAN CAME TO MY PHARMACY AND CAUSED A LOT OF DAMAGE, THEY TOOK AWAY ALL OF MY MEDICINE AND DAMAGED THE FURNITURE AND THEN THEY PHYSICALLY ATTACKED ME BY PUNCHING ME AND i SUFFERED INJURIES.  I CLOSED DOWN MY PHARMACY AFTER THAT AND STAYED IN MY HOME.  I COULD NOT GO TO THE POLICE BECAUSE THE STATION WAS CLOSED AND THERE WAS BASICALLY NO HELP FOR ME TO PROTECT MYSELF, OR ANYONE I COULD GO TO TO MAKE A COMPLAINT AGAINST THE TALIBAN WHO WERE THREATENING ME.  I KNOW THEY WERE THREATENING ME BOTH BECAUSE THEY SAW ME AS AN ALLY OF THE GOVERNMENT AND ALSO BECAUSE THEY WERE AGAINST ANYTHING THAT LOOKED LIKE WESTERN MEDICINE.  I CLOSED MY BUSINESS FOR A WHILE, AND WORKED WITH THE SHIPPING COMPANY, BUT THEN IN 2018 I REOPENED THE PHARMACY.  (CPMTT

## Part B. Information About Your Application (Continued)

2. Have you or your family members ever been accused, charged, arrested, detained, interrogated, convicted and sentenced, or imprisoned in any country other than the United States (including for an immigration law violation)?

   ☒ No          ☐ Yes

   If "Yes," explain the circumstances and reasons for the action.

3.A. Have you or your family members ever belonged to or been associated with any organizations or groups in your home country, such as, but not limited to, a political party, student group, labor union, religious organization, military or paramilitary group, civil patrol, guerrilla organization, ethnic group, human rights group, or the press or media?

   ☐ No          ☒ Yes

   If "Yes," describe for each person the level of participation, any leadership or other positions held, and the length of time you or your family members were involved in each organization or activity.

   > I AM A MEMBEROF THE ANP WITH MY FAMILY.  I WAS ALSO A BUSINESSMAN AND OWNER OF A PHARMACY.  IN JANUARY OF 2023, I WAS IN MY PHARMACY AND IT WAS NEAR CLOSING TIME, AND FOUR PERSONS ENTERED THE PHARMACY AND ASKED FOR FIRST AID.  MY PHARMACY HAD TWO DOORS, AND ONE WAS LEADING TYO THE MAIN PHARMACY, AND THE MOMENT THAT THEY ENTERED, MY MALE NURSE SAEED AHMAD CAME TO ME AND SAID THAT THESE PEOPLE LOOKED LIKE MEMBERS OF THE TALIBAN WHICH I OPPOSED.  ON EO F THEM WAS INJURED AND I REFUSED, BECAUSE THEY WERE TALIBAN, AND I ASKED THEM TO LEAVE THE CLINIC.  I THEN CALLED THE POLICE STATION AND THE PLLICE CAME LATE AND THEY HAD ALREADY LEFT THE CLINIC.  THEN A FEW DAYS LATER I WAS WITH THE MALE NURSE AND WE WERE CLOSIONG THE BUSINESS AND THREE MEN ENTERED

3.B. Do you or your family members continue to participate in any way in these organizations or groups?

   ☐ No          ☒ Yes

   If "Yes," describe for each person your or your family members' current level of participation, any leadership or other positions currently held, and the length of time you or your family members have been involved in each organization or group.

   > (CONT) THE BUSINESS AND LOCKED THE MAIN DOOR, AND THEY PHYSICALLY ATTACKED ME, POINTED A GUN TO MY HEAD, AND TOOK THE MONEY IN THE PLACE, AND WE WERE BEATEN UP BADLY, I BELIEVE MOSTLY BECAUEW WE HAD REFUSED TO GIVE ANY HELP TO THEIR ASSOCIATES.,
   > SOON AFTER I WENT TO THE POLICE, TO FILE A CRIMINAL COMPLAIN,T AND WE WERE TOLD THAT BECAUE IT WAS A SERIOUS CASE, THAT THEY REFERRED IT TO TEH ARMY.  THE ARMY MADE A REPORT, AND WE GAVE THEM INFORMATION, AND THEN WE WERE CALLED AGAIN, AND NO PROGRESS WITH THE ARMY AND THE POLICE REPORT. ALSO A FEW DAYS LATER IN jANUARY THE TALIBAN OPENED FIRE ON MY HOUSE, MY RESIDENCE WHICH MEANS THAT THEY KNEW WHERE I LIVED AND I WAS VERY MUCH AFRAID OF WHAT THEY WOULD DO

4. Are you afraid of being subjected to torture in your home country or any other country to which you may be returned?

   ☐ No          ☒ Yes

   If "Yes," explain why you are afraid and describe the nature of torture you fear, by whom, and why it would be inflicted.

   > FOR THAT REASONS, AND THE MAIN REASON BEING THAT THE GOVERNEMTN CANNOT PROTECT ME OBVIOUSLY AND IS TURNING A BLIND EYE TO MY PLIGHT, I HAD TO LEAVE THE COUNTRY AND COME FLEEING TO THE US

## Part C. Additional Information About Your Application

(**NOTE:** *Use Form I-589 Supplement B, or attach additional sheets of paper as needed to complete your responses to the questions contained in Part C.*)

1.  Have you, your spouse, your child(ren), your parents or your siblings ever applied to the U.S. Government for refugee status, asylum, or withholding of removal?

    ☒ No            ☐ Yes

    If "Yes," explain the decision and what happened to any status you, your spouse, your child(ren), your parents, or your siblings received as a result of that decision. Indicate whether or not you were included in a parent or spouse's application. If so, include your parent or spouse's A-number in your response. If you have been denied asylum by an immigration judge or the Board of Immigration Appeals, describe any change(s) in conditions in your country or your own personal circumstances since the date of the denial that may affect your eligibility for asylum.

2.A. After leaving the country from which you are claiming asylum, did you or your spouse or child(ren) who are now in the United States travel through or reside in any other country before entering the United States?

    ☐ No            ☒ Yes

2.B. Have you, your spouse, your child(ren), or other family members, such as your parents or siblings, ever applied for or received any lawful status in any country other than the one from which you are now claiming asylum?

    ☒ No            ☐ Yes

    If "Yes" to either or both questions (2A and/or 2B), provide for each person the following: the name of each country and the length of stay, the person's status while there, the reasons for leaving, whether or not the person is entitled to return for lawful residence purposes, and whether the person applied for refugee status or for asylum while there, and if not, why he or she did not do so.

    I TRAVELED THROUGH SEVERAL COUNTRIES ON MY WAY TO THE US BUT I DID NOT SEEK ASYLUM IN ANY OF THOSE COUNTRIES

3.  Have you, your spouse or your child(ren) ever ordered, incited, assisted or otherwise participated in causing harm or suffering to any person because of his or her race, religion, nationality, membership in a particular social group or belief in a particular political opinion?

    ☒ No            ☐ Yes

    If "Yes," describe in detail each such incident and your own, your spouse's, or your child(ren)'s involvement.

## Part C. Additional Information About Your Application (Continued)

4. After you left the country where you were harmed or fear harm, did you return to that country?

   ☒ No          ☐ Yes

   If "Yes," describe in detail the circumstances of your visit(s) (for example, the date(s) of the trip(s), the purpose(s) of the trip(s), and the length of time you remained in that country for the visit(s).)

5. Are you filing this application more than 1 year after your last arrival in the United States?

   ☒ No          ☐ Yes

   If "Yes," explain why you did not file within the first year after you arrived. You must be prepared to explain at your interview or hearing why you did not file your asylum application within the first year after you arrived. For guidance in answering this question, see Instructions, Part 1: Filing Instructions, Section V. "Completing the Form," Part C.

6. Have you or any member of your family included in the application ever committed any crime and/or been arrested, charged, convicted, or sentenced for any crimes in the United States (including for an immigration law violation)?

   ☒ No          ☐ Yes

   If "Yes," for each instance, specify in your response: what occurred and the circumstances, dates, length of sentence received, location, the duration of the detention or imprisonment, reason(s) for the detention or conviction, any formal charges that were lodged against you or your relatives included in your application, and the reason(s) for release. Attach documents referring to these incidents, if they are available, or an explanation of why documents are not available.

## Part D. Your Signature

I certify, under penalty of perjury under the laws of the United States of America, that this application and the evidence submitted with it are all true and correct. Title 18, United States Code, Section 1546(a), provides in part: Whoever knowingly makes under oath, or as permitted under penalty of perjury under Section 1746 of Title 28, United States Code, knowingly subscribes as true, any false statement with respect to a material fact in any application, affidavit, or other document required by the immigration laws or regulations prescribed thereunder, or knowingly presents any such application, affidavit, or other document containing any such false statement or which fails to contain any reasonable basis in law or fact - shall be fined in accordance with this title or imprisoned for up to 25 years. I certify that I am physically present in the United States or seeking admission at a Port of Entry when I execute this application. I authorize the release of any information from my immigration record that U.S. Citizenship and Immigration Services (USCIS) needs to determine eligibility for the benefit I am seeking.

*WARNING:* **Applicants who are in the United States unlawfully are subject to removal if their asylum or withholding claims are not granted by an asylum officer or an immigration judge. Any information provided in completing this application may be used as a basis for the institution of, or as evidence in, removal proceedings even if the application is later withdrawn. Applicants determined to have knowingly made a frivolous application for asylum will be permanently ineligible for any benefits under the Immigration and Nationality Act. You may not avoid a frivolous finding simply because someone advised you to provide false information in your asylum application. If filing with USCIS, unexcused failure to appear for an appointment to provide biometrics (such as fingerprints) and your biographical information within the time allowed may result in an asylum officer dismissing your asylum application or referring it to an immigration judge. Failure without good cause to provide DHS with biometrics or other biographical information while in removal proceedings may result in your application being found abandoned by the immigration judge. See sections 208(d)(5)(A) and 208(d)(6) of the INA and 8 CFR sections 208.10, 1208.10, 208.20, 1003.47(d) and 1208.20.**

| Print your complete name. | Write your name in your native alphabet. |
|---|---|
| **NAWAB ALI** | |

Did your spouse, parent, or child(ren) assist you in completing this application?   ☒ No   ☐ Yes *(If "Yes," list the name and relationship.)*

| *(Name)* | *(Relationship)* | *(Name)* | *(Relationship)* |
|---|---|---|---|

Did someone other than your spouse, parent, or child(ren) prepare this application?   ☐ No   ☒ Yes *(If "Yes," complete Part E.)*

Asylum applicants may be represented by counsel. Have you been provided with a list of persons who may be available to assist you, at little or no cost, with your asylum claim?   ☐ No   ☒ Yes

Signature of Applicant *(The person in Part. A.I.)*

➡ [ X _~~~~~~~~~~~~~~~~_ ]   12/29/2023

Sign your name so it all appears within the brackets   Date (mm/dd/yyyy)

## Part E.  Declaration of Person Preparing Form, if Other Than Applicant, Spouse, Parent, or Child

I declare that I have prepared this application at the request of the person named in Part D, that the responses provided are based on all information of which I have knowledge, or which was provided to me by the applicant, and that the completed application was read to the applicant in his or her native language or a language he or she understands for verification before he or she signed the application in my presence. I am aware that the knowing placement of false information on the Form I-589 may also subject me to civil penalties under 8 U.S.C. 1324c and/or criminal penalties under 18 U.S.C. 1546(a).

| Signature of Preparer | Print Complete Name of Preparer |
|---|---|
| | **CHRISTINE MARIE FLOWERS** |

| Daytime Telephone Number | Address of Preparer: Street Number and Name | | |
|---|---|---|---|
| ( 215 ) 2715550 | **2527 SOUTH BROAD STREET** | | |

| Apt. Number | City | State | Zip Code |
|---|---|---|---|
| | **PHILADELPHIA** | **PA** | **19148** |

| To be completed by an attorney or accredited representative (if any). | ☒ Select this box if Form G-28 is attached. | Attorney State Bar Number (if applicable) | Attorney or Accredited Representative USCIS Online Account Number (if any) |
|---|---|---|---|
| | | **51181** | |

---

Form I-589   Edition   03/01/23

## Part F. To Be Completed at Asylum Interview, if Applicable

**NOTE:** *You will be asked to complete this part when you appear for examination before an asylum officer of the Department of Homeland Security, U.S. Citizenship and Immigration Services (USCIS).*

I swear (affirm) that I know the contents of this application that I am signing, including the attached documents and supplements, that they are ☐ all true or ☐ not all true to the best of my knowledge and that correction(s) numbered _____ to _____ were made by me or at my request. Furthermore, I am aware that if I am determined to have knowingly made a frivolous application for asylum I will be permanently ineligible for any benefits under the Immigration and Nationality Act, and that I may not avoid a frivolous finding simply because someone advised me to provide false information in my asylum application.

Signed and sworn to before me by the above named applicant on:

_____
Signature of Applicant

_____
Date *(mm/dd/yyyy)*

_____
Write Your Name in Your Native Alphabet

_____
Signature of Asylum Officer

## Part G. To Be Completed at Removal Hearing, if Applicable

**NOTE:** *You will be asked to complete this Part when you appear before an immigration judge of the U.S. Department of Justice, Executive Office for Immigration Review (EOIR), for a hearing.*

I swear (affirm) that I know the contents of this application that I am signing, including the attached documents and supplements, that they are ☐ all true or ☐ not all true to the best of my knowledge and that correction(s) numbered _____ to _____ were made by me or at my request. Furthermore, I am aware that if I am determined to have knowingly made a frivolous application for asylum I will be permanently ineligible for any benefits under the Immigration and Nationality Act, and that I may not avoid a frivolous finding simply because someone advised me to provide false information in my asylum application.

Signed and sworn to before me by the above named applicant on:

_____
Signature of Applicant

_____
Date *(mm/dd/yyyy)*

_____
Write Your Name in Your Native Alphabet

_____
Signature of Immigration Judge

**Supplement A, Form I-589**

| A-Number *(If available)* | Date |
|---|---|
| 241309751 | 12/29/2023 |
| Applicant's Name | Applicant's Signature |
| NAWAB  NONE ALI | ✗ |

## List All of Your Children, Regardless of Age or Marital Status
**(NOTE:** *Use this form and attach additional pages and documentation as needed, if you have more than four children)*

| 1. Alien Registration Number (A-Number) *(if any)* | 2. Passport/ID Card Number *(if any)* | 3. Marital Status *(Married, Single, Divorced, Widowed)* | 4. U.S. Social Security Number *(if any)* |
|---|---|---|---|
| 5. Complete Last Name | 6. First Name | 7. Middle Name | 8. Date of Birth *(mm/dd/yyyy)* |
| 9. City and Country of Birth | 10. Nationality *(Citizenship)* | 11. Race, Ethnic, or Tribal Group | 12. Gender  ☐ Male  ☐ Female |

**13.** Is this child in the U.S. ?  ☐ Yes *(Complete Blocks 14 to 21.)*  ☐ No *(Specify location)*: _____

| 14. Place of last entry into the U.S. | 15. Date of last entry into the U.S. *(mm/dd/yyyy)* | 16. I-94 Number *(If any)* | 17. Status when last admitted *(Visa type, if any)* |
|---|---|---|---|
| 18. What is your child's current status? | 19. What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | 20. Is your child in Immigration Court proceedings?  ☐ Yes  ☐ No | |

**21.** If in the U.S., is this child to be included in this application? *(Check the appropriate box.)*
☐ Yes
☐ No

| 1. Alien Registration Number (A-Number) *(if any)* | 2. Passport/ID Card Number *(if any)* | 3. Marital Status *(Married, Single, Divorced, Widowed)* | 4. U.S. Social Security Number *(if any)* |
|---|---|---|---|
| 5. Complete Last Name | 6. First Name | 7. Middle Name | 8. Date of Birth *(mm/dd/yyyy)* |
| 9. City and Country of Birth | 10. Nationality *(Citizenship)* | 11. Race, Ethnic, or Tribal Group | 12. Gender  ☐ Male  ☐ Female |

**13.** Is this child in the U.S. ?  ☐ Yes *(Complete Blocks 14 to 21.)*  ☐ No *(Specify location)*: _____

| 14. Place of last entry into the U.S. | 15. Date of last entry into the U.S. *(mm/dd/yyyy)* | 16. I-94 Number *(If any)* | 17. Status when last admitted *(Visa type, if any)* |
|---|---|---|---|
| 18. What is your child's current status? | 19. What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | 20. Is your child in Immigration Court proceedings?  ☐ Yes  ☐ No | |

**21.** If in the U.S., is this child to be included in this application? *(Check the appropriate box.)*
☐ Yes
☐ No

**Supplement B, Form I-589**

## Additional Information About Your Claim to Asylum

| A-Number *(if available)* | Date |
|---|---|
| 241309751 | 12/29/2023 |

| Applicant's Name | Applicant's Signature |
|---|---|
| NAWAB   NONE ALI | X |

**NOTE:** *Use this as a continuation page for any additional information requested.  Copy and complete as needed.*

Part      A III

Question   5

| RAHAM BACHA | SWAT PAKISTAN | SWAT PAKISTAN |
|---|---|---|

**Non-Detained**

Christine M Flowers, Esq.
Joseph M. Rollo and Associates, PC
2527 South Broad Street
Philadelphia PA 19148
(215) 271-5550

## UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
## IMMIGRATION COURT
## NEWARK, NEW JERSEY

| | |
|---|---|
| **IN THE MATTER OF NAWAB ALI**<br><br>Respondent<br><br>In Removal Proceedings | **File No.: A 241-309-751** |

**Next Hearing: January 28, 2026, at 9:00 AM   Before Honorable Alberto J. Riefkohl**

## PROOF OF SERVICE

I hereby certify that on **January 4, 2024**, I, Christine M. Flowers, Esq, mailed or caused to be delivered a copy of the Respondent's Asylum applications at the address indicated below:

**Office of the Principal Legal Advisor, Newark**
970 Broad Street, Room 1300
Newark, NJ 07102

\_\_January 4, 2024\_\_\_\_\_
DATE

Christine M. Flowers, Esquire
Joseph M. Rollo and Associates, PC,
2527 South Broad Street
Philadelphia PA 19148
215-271-5550