IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NEWAB ALI,** | : | **CIVIL ACTION** |
| *Petitioner*, | : | |
| | : | **NO. 26-729** |
| v. | : | |
| | : | |
| **JL JAMISON,** *in his official capacity* | : | |
| *as Warden of Federal Detention Center,* | : | |
| *Philadelphia, et al.,* | : | |
| *Respondents*. | : | |

**ORDER**

**AND NOW**, this 19th day of February 2026, upon consideration of Petitioner Newab Ali's, ("Petitioner" or "Mr. Ali"), *petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241,* (ECF 1), and *motion for temporary restraining order,* (ECF 2), the Government's response in opposition, (ECF 5), and Petitioner's reply, (ECF 6), it is hereby **ORDERED** that, for the reasons set forth in the footnote, Mr. Ali's *habeas corpus* petition is **GRANTED**, *in part*:[1]

---

[1]    This Court relies on its analyses set forth in the matters of *Kumar v. McShane*, No. CV 25-6238, 2025 WL 3722005 (E.D. Pa. Dec. 23, 2025), *Ochoa v. Rose*, No. CV 25-7021, 2025 WL 3725042 (E.D. Pa. Dec. 24, 2025), *Castillo Reyes v. Rose*, No. CV 25-7138, 2026 WL 75816 (E.D. Pa. Jan. 9, 2026), *Nasimov v. Jamison*, No. CV 25-7420, 2026 WL 94615 (E.D. Pa. Jan. 13, 2026), and *Cabreja Bueno v. O'Neill*, No. CV 26-304, 2026 WL 413315 (E.D. Pa. Feb. 13, 2026), and herein incorporates said analyses as part of this Order.

  The facts and arguments in the above-cited cases and this case are similar in nature. They involve *habeas* petitions and detentions related to ongoing immigration proceedings, in some instances removal proceedings, in others, pending asylum applications where a credible fear determination has been made. Here, Mr. Ali is a native of Pakistan. (ECF 1 at Ex. A). He entered the United States on or about May 14, 2023. (*Id.*). He received a Notice to Appear from the Department of Homeland Security and was paroled into the United States with and Order of Supervision, which stipulated conditions of release, among them, to check-in regularly with the Government. (*Id.*). Mr. Ali filed a Form I-589 Application for Asylum on December 29, 2023, which remains pending. (ECF 1 at Ex. B). On February 4, 2026, Mr. Ali, while attending an Immigration and Customs Enforcement ("ICE") check-in, was detained by ICE agents and taken into custody. The Government argues that, because Mr. Ali's parole was either revoked upon re-detention or expired prior to detention, he has reverted to the status he held at the time his parole was granted. (*See generally* ECF 5). Specifically, the Government argues that Petitioner should be treated as if he just arrived in the United States, not as someone who has been living, apparently without criminal incident, in the country for years. (*Id.*). The Government acknowledges that at least "[f]our courts in this

1. This Court has jurisdiction to review a *habeas* petition and to grant *habeas* relief to any person in custody "under or by color of the authority of the United States" or "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(1), (3);

2. No provision of the Immigration and Nationalization Act, ("INA"),[2] strips this Court of jurisdiction over Mr. Ali's *habeas* petition;

3. To be entitled to *habeas* review in this matter, Mr. Ali does not need to exhaust administrative remedies since the issue presented involves only statutory construction of 8 U.S.C §§ 1225 and 1226, *see Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012), and "exhaustion is not clearly mandated by statute, [and] a futility exception exists," *Duvall v. Elwood*, 336 F.3d 228, 234 (3d Cir. 2003);

4. Mr. Ali's mandatory detention under § 1225(b)(1)[3] violates the INA;

5. Additionally, Mr. Ali's detention pursuant to 8 U.S.C § 1225(b)(1) violates the Due Process Clause of the Fifth Amendment of the United States Constitution;

6. Because Mr. Ali does not appear to be a danger to the community nor a flight risk, and is being unlawfully and unconstitutionally detained, he is to be immediately released from the Federal Detention Center ("FDC") in Philadelphia, Pennsylvania;

---

jurisdiction have rejected this argument." (*Id.* at p. 3 n. 2) (citing cases). With this Order, that number increases to at least five.

[2]   Including 8 U.S.C. § 1252(a)(2)(B), a provision on which the Government relies. Notably, Mr. Ali's parole appears to have expired prior to his recent detainment. (ECF 1 at Ex. A) (That is, Petitioner's interim parole notice indicates it is valid for just one year proceeding July 14, 2023). Therefore, the Government's arguments regarding the Court's jurisdiction to review the "revocation" of Mr. Ali's parole is not relevant since no such revocation has occurred.

[3]   The Government does not dispute that § 1225(b)(1) is the source of law the Government is relying upon to detain Mr. Ali indefinitely without the possibility of release on bond or a reassessment of his detention status. (*See generally* ECF 5).

7. The Government is further directed to return to Mr. Ali any and all funds or property which may have been seized from Mr. Ali at the time of his arrest; and

8. The Government is directed to certify compliance with the Court's Order by filing such certification on the docket by 5:00 p.m. on February 20, 2026.

It is further **ORDERED** that, in light this Court's Order granting of the *habea*s petition, the Temporary Restraining Order granted on February 6, 2026, is herein **VACATED,** and Mr. Ali's request that the Temporary Restraining Order be converted into a preliminary injunction, is **DENIED**, as moot.

The Clerk of Court shall mark this case **CLOSED**.

                                            **BY THE COURT:**

                                            */s/ Nitza I. Quiñones Alejandro*
                                            **NITZA I. QUIÑONES ALEJANDRO**
                                            *Judge, United States District Court*